Bret Knewtson, OSB 03355
Bret Knewtson, Esq
3000 NW Stucki PL STE 230-M
Hillsboro  OR 97124
Telephone: (503) 846-1160
Facsimile: (503) 922-3181
bknewtson@yahoo.com

Mark G Passannante OSB 944035
Broer& Passannante, P.S.
1001 SW Fifth Avenue, #1220
Portland, Oregon 97204
Phone: (503)294-0910
Fax: (503) 243-2717
Markpassannante@msn.com

Kelly D. Jones, OSB No. 074217
819 SE Morrison St., Suite 255
Portland, Oregon 97204
Telephone  (503) 847-4329
Facsimile  (503) 715-0524
kellydonovanjones@gmail.com

Attorneys  for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON (PORTLAND)

| | |
|---|---|
| BENJAMIN CHARLES, on behalf of himself and others similarly situated,<br>Plaintiff,<br>vs.<br>PORTFOLIO RECOVERY ASSOCIATES, LLC.,<br>Defendant | Case No.: 3:17-cv-0955-<br><br>COMPLAINT – CLASS ACTION<br>Violation of 15 USC § 1692 (FDCPA)<br><br>Jury Trial Requested |

## PRELIMINARY STATEMENT

1.    This is an action for money damages brought by a consumer pursuant to the Fair Debt

Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq, which prohibits abusive,

deceptive and unfair debt collection practices and other tort claims.

2.      Plaintiffs' claims arise from defendant's attempts to collect a debt in Oregon through the means and instrumentalities of interstate commerce and the mails.

3.      Plaintiff requests a jury trial.

## JURISDICTION

4.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

5.      Venue is proper in this District under 28 U.S.C. § 1391 because the acts and transactions occurred here, Plaintiffs reside in Oregon, and Defendant transacts business in Oregon.

## PARTIES

**DEFENDANT PRA**

6.      Defendant Portfolio Recovery Associates, LLC (hereinafter "PRA") is a limited liability company organized under Delaware law, and does business in Oregon. Defendant PRA's principal place of business is located at 120 Corporate BLVD STE 100 Norfolk VA 23502.

7.      Defendant uses the instrumentality of interstate commerce, such as making interstate phone calls, registering the company with various Secretary of States as a business conducting business in those states, including the Oregon Secretary of State, engaging in interstate travel, and employing people in multiple states, as well as using the mails in a business the principal purpose of which is the purchase and collection of unpaid debts owed by individuals that were incurred primarily for personal, family or household purposes.

8.      Upon information and belief, the only business defendant engages in is the purchase and collection of defaulted debts that were incurred by individuals primarily for personal, family or household purposes.

9.  Defendant uses the instrumentality of interstate commerce such as making interstate phone calls, engaging in interstate travel, and employing people in multiple states, to regularly collect or attempt to collect, directly or indirectly, debts owed by individuals and owed or due or asserted to be owed or due others. Plaintiffs believe that the debts or alleged debts at issue in this action were incurred primarily for personal, family or household purposes.

10. This action involves collection lawsuits filed by PRA in Oregon. On information and belief, each of the collection lawsuits allege that PRA "is a lawfully organized business engaged in interstate commerce."

11. On information and belief, each of these lawsuits allege that the defendants are subject to 15 USC 1666. 15 USC 1666 only applies to consumer credit accounts.

12. PRA Group is the parent company of defendant and files statements with the Securities Exchange Committee (SEC) that accurately and truthfully describe defendant's business activities.

13. Defendant has reviewed the portions of the statements filed by PRA Group with the SEC that describe defendant's business activities, verified the accuracy of those statements, and authorized the publication of those statements by PRA Group.

14. PRA Group uses the terms "consumer" and "consumer debt" in statements filed with the SEC that describe the business practices of defendant. As used in those statements, consumer has the same meaning as that found at 15 USC 1692A(3) and "consumer debt" has the same meaning as that found at 15 USC 1692A(5).

15. PRA Group's statements made in its SEC filings contain true and accurate descriptions of defendant's business.

16. Defendant acknowledges that those statements filed by PRA Group with the SEC state that the primary purpose of defendant's United States business activities is the purchase and collection of consumer debt portfolios.

17. Defendant is a debt collector as that term is defined at 15 USC 1692a(6).

**PLAINTIFF CHARLES**

18. Plaintiff Benjamin Charles (Charles) is a natural person who resides in Clackamas County and the State of Oregon and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

19. Plaintiff requested a credit card from US Bank NA or its predecessor and was issued a non-business credit charge account. He used the account primarily to pay for gas, food, and other household or personal purchases. The account was not used to make purchases for goods or services that were used by Charles for any business activity.

<u>ALLEGATIONS</u>

20. On June 17, 2017, defendant filed a lawsuit in Clackamas County, in the state of Oregon, captioned Portfolio Recovery Associates LLC v Benjamin Charles, #16CV19501 ("collection lawsuit").

21. The collection lawsuit relied upon the debt being a consumer debt as it alleged that plaintiff had an obligation to dispute the periodic statements as prescribed by 15 USC §1666. That was a false statement as that statute does not require a cardholder to dispute a charge that appears on a statement and does not require a cardholder to dispute the asserted balance of the account, even if the balance or the charge is incorrect.

22. The collection lawsuit falsely asserted that Charles had agreed to pay court costs awarded by the Court as part of the "Agreement." That assertion was false because the only agreement

alleged in the collection lawsuit was that by failing to dispute the statements sent by the Original Creditor an account stated was formed fixing the debt in the amount of $3,526.32.

23.    The collection lawsuit falsely asserted that Charles and US bank had agreed to state the account in the sum of $3,526.32 because US bank had sent statements and Charles did not object to the statements. That was false, as at the arbitration hearing defendant submitted multiple statements. The statement relied upon by defendant showed an account balance of $3,526.32 with a closing date of 3/20/2013. The next statement showed a balance of $3,439.82 with a closing date of 4/18/2013. The statements sent by US bank did not reflect any intent on the part of US bank to enter into an agreement with Charles to account for the parties transactions and fix the balance owed in a sum certain.

24.    Charles filed an answer and paid the filing fee of $158.

25.    Defendant sent requests for admissions that contained the statement that it "reserves its right to recover all reasonable expenses, including attorney fees incurred in proving any facts not admitted herein, pursuant to ORCP 46 C." That statement was false and misleading as defendant did not have a right to recover such fees or costs related to proving the requested facts if a fact was properly denied per ORCP 46C.

26.    The requests for admissions asked Charles to admit facts that did not relate to defendants claim such as, "Admit that you currently maintain a checking savings account," "Admit you are currently employed," "Admit you currently own an automobile."

27.    Upon information and belief, defendant has never attempted to use judicial process to seize and sell an Oregon judgment debtor's car. Those requests for admission are unrelated to any issue arising out of the allegations of the collection lawsuit and Charles had the right to object to those requests as immaterial. However, the threat of attorney fees and Charles'

ignorance of civil procedure resulted in his admitting those requests. The requests serve no purpose other than to intimidate collection defendants. They are an abuse and an unfair use of ORCP 45, especially when served on an unsophisticated consumer, coupled with the express threat of attorney fees if the consumer does not admit those requests.

28.     Charles timely responded to those requests for admissions, including admitting to the requests identified in ¶ 26, and mailed them to defendant's mailing address (4330 La Jolla Village DR STE 310 San Diego CA 92122) on 9/22/2016.

29.     The collection lawsuit was sent to court annexed arbitration and Charles requested from the court and was granted a fee deferral for the $525 arbitration fee. Charles paid back the fee in installment payments.

30.     An arbitration date was set for 11/02/2016. Prior to that date defendant submitted a pre-hearing statement of proof that falsely asserted that the Admissions were deemed admitted by Charles failure to respond to the request for admissions.

31.     At arbitration, defendant set up a "go-to meeting" and emailed the arbitrator and Charles with a log in code. Charles logged into the meeting but neither the arbitrator nor defendant logged in and apparently they conducted the hearing by phone.

32.     Charles sent an email to the arbitrator and defendant asking why they did not appear at the go to meeting on the same day. In the email Charles also attempted to defend against the account stated claim by pointing out the discrepancy in the statements. The arbitrator responded by saying he would reset the hearing if defendant requested it and gave defendant an opportunity to respond to Charles email. Neither party responded to the email and defendant did not allow the hearing to be reset.

33.    On November 14, 2016 the arbitrator emailed the parties the arbitration award and a letter explaining his decision. In deciding in favor of defendant, the arbitrator relied upon defendant's assertion that Charles had not responded to the admissions and had therefore admitted to defendant's account stated claim. Charles responded to the arbitrator by providing proof of mailing of the response to admissions. Defendant did not withdraw is assertion that Charles failed to respond. The arbitrator noted in the award and letter that Charles had appeared.

34.    The arbitrator clearly instructed defendant to file the award and notify Charles and the arbitrator of the date it did so. Defendant did not file the award. On December 30, 2016 defendant submitted a judgment to court and certified to the court that the form of judgment did not need to be sent to Charles because Charles was in default. That judgment was entered by the court on January 3, 2017.

35.    The judgment asserted a right to post-judgment interest despite the arbitration award asserting that defendant was waiving post-judgment interest. Defendant claims in its motion to vacate the judgment that defendant received the arbitration award prior to filing the default judgment.

36.    Defendant also submitted a statement of attorney fees costs and disbursements that falsely asserted a right to attorney fees despite no entitlement to such a right because it did not allege any right to fees in a pleading or dispositive motion, as well as not having any substantive right to attorney fees under the account stated claim.

37.    The statement of attorney fees award also falsely included a claim of attorney fees for future collection work:

>    In anticipation of efforts that will be spent in post judgment proceedings, Plaintiff does not seek an additional sum at this time. Plaintiff will submit further Verified

and Detailed Statement of the Amount of Post Judgment Attorney Fees and seek a Supplemental Judgment when appropriate.

38.    That was a false, misleading, unfair, coercive and abusive statement as an unsophisticated consumer would interpret that language as a threat that unless the consumer cooperated and voluntarily paid the judgment then defendant would increase the debt by adding fees. Defendant had no right to attorney fees for collecting on the debt.

39.    Charles hired legal counsel and attempted to appeal the arbitration award as well as defend against the claim. The court rejected the appeal because a final judgment had been entered instead of the arbitration award. Charles incurred additional attorney fees in getting defendant to vacate the judgment.

40.    Defendant's conduct in bringing an unlawful debt collection demand against plaintiffs disturbed plaintiff and caused anxiety, stress, intimidation, sleeplessness, nervousness, anger, embarrassment, humiliation, and frustration and emotional distress.

**CLAIM FOR RELIEF: VIOLATION OF FDCPA**

41.    Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

**COUNT ONE**

42.    The attempt to collect a debt by filing a collection lawsuit and falsely asserting an account stated arose from the failure by the credit cardholder to dispute the balance stated in periodic statements when the statements are sent pursuant to Federal law and the cardholder agreement and are not an attempt by the credit issuer to state the account is a violation of at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

**COUNT TWO**

43.    Asserting as the basis of the account stated claim that a consumer cardholder is obligated by 15 USC 1666 to dispute a periodic statement sent by a credit issuer and that the failure to dispute the periodic statements implies an agreement by the consumer that the parties have fixed the account balance such that as a matter of law a new and binding liability is formed between the parties violates at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

## COUNT THREE

44.    Asserting an account stated theory of liability on a credit card debt that shifts the burden of proof that PRA would otherwise have if it claimed a breach of a the cardholder agreement is a violation of at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

## COUNT FOUR

45.    Having waived the right to post judgment interest in the arbitration award, submitting a default judgment without notice that included a right to post judgment interest is a violation of at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

## COUNT FIVE

46.    Defendant's use of requests for admissions to seek admissions, under false threat of attorney fees if not responded to, on facts that are unrelated to the collection lawsuit claim and which imply the defendant could take valuable property without disclosing that the consumer had exemptions that protect that property is a violation of it of at least one if not more,

provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(9), 1692e(10), 1692f, and 1692f(1).

## COUNT SIX

47.    Defendant's use of the request for admissions to establish its account stated claim and its false assertion that Charles did not respond to the admissions is a is a violation of it of at least one if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(9), 1692e(10), 1692f, and 1692f(1).

## COUNT SEVEN

48.    Defendant's submission of a default judgment when Charles was not in default is a violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(9), 1692e(10), 1692f, and 1692f(1).

## COUNT EIGHT

49.    Defendant's attempt to include a right to attorney fees for future collection work in the statement of fees and costs was a false, abusive and misleading representation in the collection of the debt and a violation of at least one, if not more, provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(5), 1692e(10), 1692f, and 1692f(1).

## CLASS ALLEGATIONS

1.    Plaintiff sues for a class, under FRCP 23(a) and 23(b)(3).

2.    "RFA Class:" The class includes all individuals whom defendant sued in an Oregon State Court and who were served requests for admissions that included the requests identified in ¶ 26 during the period of June 16, 2016 or after. Actual damages are sought for those class members who incurred expenses in responding to those requests such as fees paid for legal

advice in responding to those requests for admissions. Statutory damages are sought for all members of this class.

3.   "Account Stated Class." The class includes all individuals whom defendant sued in an Oregon State Court, seeking to collect consumer US Bank NA (or its predecessor in interest) credit card debts in which the collection lawsuit alleged that the individuals were liable to defendant under the theory of "Account Stated" as alleged in the collection lawsuit and were served on the individuals during the period of June 16, 2016 or after. Actual damages are sought for those class members who incurred defense costs in defending the collection lawsuit. Statutory damages are sought for all members of this class.

4.   On information and belief, the classes are so numerous that joinder of all members is not practicable.

5.   There are questions of law and fact common to the classes, which predominate over any questions relating to individual class members. The predominant questions are whether defendant attempts to collect consumer debts by asserting an Account Stated theory of liability in the collection lawsuit without any facts to support such claim, as alleged above. As well, as whether defendant engaged in an unfair and abusive debt collection practice by sending requests for admissions as alleged above.

6.   Plaintiffs claim is typical of the claims of the class members. All are based on the same factual and legal theories.

7.   Plaintiffs will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions.

8.   A class action is superior for the fair and efficient adjudication of this matter, for

     a.   Individual actions are not economically feasible, and

   b.   Members of the class are likely to be unaware of their rights.

## DAMAGES

9.    As a result of Defendant's violation of the FDCPA, Plaintiffs and the class have statutory

damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and

1692k(a)(2)(B)(ii).

10.   Actual damages for amounts class members have paid on time barred debts as well as

amounts paid in excess of what PRA would have alleged or did allege in a collection lawsuit

pursuant to 15 U.S.C. § 1692k(a)(1) and 1692k(a)(2)(B)(i).

11.   Actual damages for emotional distress and economic damages for plaintiff pursuant to 15

U.S.C. § 1692k(a)(1) and 1692k(a)(2)(B)(i).

12.   Plaintiff is entitled to reasonable attorney's fees and costs pursuant to 15 U.S.C. §

1692k(a)(3) from defendant.

**WHEREFORE**, Plaintiff prays that judgment be entered against defendant for:

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

- for an award of actual damages determined pursuant to 15 U.S.C. §1692k(a)(1).

- for an award of costs of litigation and reasonable attorney's fees incurred in stopping the

  illegal collection action and in prosecuting this case, pursuant to 15 U.S.C. § 1692k(a)(3).

Dated this June 16, 2017

/s/ Bret Knewtson

Bret Knewtson, OSB 033553